IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHARLES RAYMOND ADAMS, et al.,

    Plaintiffs,

v.                             CIVIL ACTION NO. 2:17-cv-04038

CHESAPEAKE ENERGY CORPORATION, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Before this Court are two motions filed by Defendant Chesapeake Appalachia, L.L.C. ("Chesapeake Appalachia"): its Motion to Strike and Exclude the Testimony of Autumn Leah Crowe, (ECF No. 46), and its Motion for Partial Summary Judgment, (ECF No. 50). For the reasons explained more fully herein, the Motion to Strike and Exclude the Testimony of Autumn Leah Crowe, (ECF No. 46), is **GRANTED**. The Motion for Partial Summary Judgment, (ECF No. 50), is **GRANTED**.[1] Also before this Court is a Motion for Summary Judgment filed by Defendants Chesapeake Energy Corporation ("Chesapeake Energy") and Chesapeake Operating, L.L.C. ("Chesapeake Operating"). (ECF No. 48.) This motion, (ECF No. 48), is **GRANTED**.

    *I.*     *BACKGROUND*

This matter arises from the alleged pollution of land owned by Plaintiffs Charles Raymond Adams, Karen Sue Adams, and Dreama Joyce Davis (collectively, "Plaintiffs") caused by a gas

---

[1] Plaintiffs' Motion to Deny Chesapeake Appalachia's Motion for Partial Summary Judgment, (ECF No. 52), is **DENIED**.

1

well operated by Chesapeake Appalachia.  (*See* ECF No. 1-1; ECF No. 53 at 2.)  Plaintiffs allege claims for private nuisance, intentional infliction of emotional distress, negligence, trespass, breach of contract, and strict liability.  (*See* ECF No. 1-1.)

Chesapeake Appalachia filed its Motion to Strike and Exclude the Testimony of Autumn Leah Crowe on July 12, 2018.  (ECF No. 46.)  Plaintiffs did not respond to the motion, nor did they request additional time to respond.  Chesapeake Energy and Chesapeake Operating filed their Motion for Summary Judgment on July 12, 2018.  (ECF No. 48.)  Plaintiffs likewise did not respond to that motion, nor did they request additional time to respond.  Chesapeake Appalachia filed its Motion for Partial Summary Judgment on July 12, 2018.  (ECF No. 50.)  Plaintiffs filed a late response on July 27, 2018.  (ECF No. 53.)  Chesapeake Appalachia filed a timely reply on August 3, 2018.  (ECF No. 56.)  As such, the motions are fully briefed and ripe for adjudication.

## II.   DISCUSSION

*A.  Motion to Exclude Expert Testimony*

Chesapeake Appalachia first urges this Court to exclude the testimony of Plaintiffs' expert witness for failure to comply with Federal Rule of Civil Procedure 26.  (ECF No. 47 at 3.)  This rule requires a witness providing expert testimony to prepare a written report that includes "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case."  Fed R. Civ. P. 26(a)(2)(B); *see Bresler v. Wilmington Trust Co.*, 855 F.3d 178, 189 (4th Cir. 2017).

The report submitted by Plaintiffs' expert is clearly deficient. (*See* ECF No. 46-7.) Most importantly, it fails to adequately describe the witness's opinions "and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). The report provides a review of water samples taken from Plaintiffs' property in 2015 in relation to various drinking water standards. (ECF No. 46-7.) Its "conclusions" state that "[t]races of [certain substances] in the water could be indicative of fracking activity contamination," (*id.* at 3), and that "there is reason to be concerned that the water is being impacted by fracking activities," (*id.* at 4). However, the report offers no definitive opinion that the water from Plaintiffs' well and pond is contaminated, nor does it explain how any such contamination might have occurred from "fracking activities."

Further, the report conspicuously fails to include any description of the witness's qualifications to testify as an expert in this matter or "a list of all publications authored in the previous 10 years." Fed R. Civ. P. 26(a)(2)(B)(iv). Nor does the report contain "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition." Fed. R. Civ. P. 26(a)(2)(B)(v). Finally, Plaintiffs have not provided "a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B)(vi). Thus, Plaintiffs have not properly disclosed their expert witness.

"[A] party who fails to comply with the expert witness disclosure rules is prohibited from 'us[ing] that information or witness to supply evidence [on a motion], unless the failure was substantially justified or is harmless." *Bresler*, 855 F.3d at 190 (quoting Fed R. Civ. P. 37(c)(1)). This Court has "wide latitude" to exclude expert testimony as a sanction for failure to comply with the rules. *Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 278–79 (4th Cir. 2005) (quoting *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 595 (4th Cir. 2003)). Similarly, this Court is "accorded 'broad discretion' in determining whether a party's

3

nondisclosure or untimely disclosure of evidence is substantially justified or harmless." *Bresler*, 855 F.3d at 190 (quoting *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014)). "The party failing to disclose information bears the burden of establishing that the nondisclosure was substantially justified or was harmless." *Id.*

To "determin[e] whether a party's nondisclosure . . . of evidence is substantially justified or harmless," this Court must consider "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Id.* (quoting *S. States Rack & Fixture*, 318 F.3d at 597). Plaintiffs have not satisfied their burden with respect to these factors. Plaintiffs offer no response at all to Chesapeake Appalachia's motion to exclude the testimony of their witness. In their response in opposition to Chesapeake Appalachia's motion for partial summary judgment, Plaintiffs argue that their expert's opinions are reliable, but they do not explain why their expert's report fails to comply with Rule 26(a)(2)(B), nor do they make any effort to remedy the report's deficiencies. (*See* ECF No. 53.) Accordingly, this Court concludes that the failure to comply with Rule 26(a)(2)(B) is not substantially justified. Nor is that failure harmless, as much of Plaintiffs' support for their claims is derived from the expert report they submitted in this case. (*See* ECF No. 53 at 5.) Therefore, Plaintiffs may not "use that information or witness to supply evidence on a motion." Fed R. Civ. P. 37(c)(1); *see Bresler*, 855 F.3d at 190.

### B. *Motions for Summary Judgment*

This Court next turns to Defendants' motions for summary judgment. Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is

4

material when it 'might affect the outcome of the suit under the governing law.'" *Strothers v. City of Laurel*, 895 F.3d 317, 326 (4th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A genuine dispute arises when 'the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" *Id.* (quoting *Anderson*, 477 U.S. at 248). "Thus, at the summary judgment phase, the pertinent inquiry is whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (alteration and internal quotation marks omitted).

"The burden is on the nonmoving party to show that there is a genuine issue of material fact for trial . . . by offering 'sufficient proof in the form of admissible evidence' . . . ." *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016). However, even if the motion is unopposed, this Court "must review the motion . . . and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 410 n.8 (4th Cir. 2010) (emphasis deleted). In ruling on a motion for summary judgment, this Court "view[s] the facts and all justifiable inferences arising therefrom in the light most favorable to the nonmoving party." *Jones v. Chandrasuwan*, 820 F.3d 685, 691 (4th Cir. 2016) (quoting *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 312 (4th Cir. 2013)).

*1. Chesapeake Appalachia's Motion for Partial Summary Judgment*

Chesapeake Appalachia argues that it is entitled to summary judgment on Plaintiffs' claims for private nuisance, intentional infliction of emotional distress, negligence, trespass, and strict liability. (*See* ECF No. 51.) Plaintiffs acknowledge that to prove these claims, they "rely on Ms. Autumn Crowe for her expert report on the allegations contained in this case." (ECF No. 53 at 5.) However, for the reasons explained in II.A, this Court excludes the expert and her report.

5

Plaintiffs offer no other support for their claims. Accordingly, this Court concludes that no issue of fact remains to be decided as to Counts I, III, IV, V,[2] and VII. *See Variety Stores*, 888 F.3d at 659 ("[A]t the summary judgment phase, the pertinent inquiry is whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." (alteration and internal quotation marks omitted)). Summary judgment in Chesapeake Appalachia's favor is appropriate as to these claims.

Summary judgment in Chesapeake Appalachia's favor is also appropriate with respect to Count II, Plaintiffs' intentional infliction of emotional distress claim based on a security guard's pointing a gun at Plaintiff Charles Adams. Plaintiffs assert that the security guard "was wearing a Chesapeake uniform and a hat that had the Chesapeake symbol and logo on it" at the time of the incident. (ECF No. 53 at 11.) However, Plaintiffs fail to point this Court to any record evidence to verify that fact, as required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."); *Carlson v. Boston Scientific Corp.*, 856 F.3d 320, 324 (4th Cir. 2017) ("The Federal Rules of Civil Procedure require parties to cite all evidence in support of their positions at summary judgment, thus permitting a district court to limit its review to such cited materials."); *see also Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) ("[W]hen one party files a motion for summary judgment, the non-movant cannot merely rely on

---

[2] Chesapeake Appalachia also argues that Plaintiffs' trespass claim related to alleged contamination fails because there has been no "invasion of property by tangible objects." (ECF No. 51 at 10.) Indeed, "chemical deposits . . . from fumes, gases, and dust emitted . . . and carried over the land by air currents, or spreading over it through the air" does not effect a trespass but instead a private nuisance. *Bartlett v. Grasselli Chem. Co.*, 115 S.E. 451, 455 (W. Va. 1922). Plaintiffs do not appear to dispute that this law applies to the facts alleged in the complaint; rather, they argue that "diesel range organics" are not "fumes, gases, and dust." (ECF No. 53 at 10.) However, aside from the expert's report excluded by this Court, Plaintiffs provide no other evidence supporting their assertion that "diesel range organics" are "leaking from the well on top of the hill from Plaintiffs' property." (*Id.*) Therefore, even if "diesel range organics" qualify as "tangible objects" necessary to effect a trespass, Plaintiffs have not demonstrated that their land is being polluted by such a substance.

6

matters pleaded in the complaint, but must, by factual affidavit or the like, respond to the motion." (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986))). There is thus no dispute of fact to be decided, as this Court has before it only Chesapeake Appalachia's evidence that the security guard "is not and has never been an agent or employee of Chesapeake Appalachia." (ECF No. 50-8 at 1.)

> 2. *Chesapeake Energy's and Chesapeake Operating's Motion for Summary Judgment*[3]

Chesapeake Energy and Chesapeake Operating argue that summary judgment is properly granted in their favor because Plaintiffs fail to demonstrate that "Chesapeake Energy or Chesapeake Operating actually drilled, operated, or had some interest in or control over the well" that Plaintiffs allege polluted their land. (ECF No. 49 at 5.) The undisputed evidence shows that "[n]either [Chesapeake Energy] nor [Chesapeake Operating] drilled, completed, owned or operated the well." (ECF No. 48-1 at 2.) Therefore, Plaintiffs have no claims for direct liability against either Chesapeake Energy or Chesapeake Operating. Summary judgment in their favor is appropriate.

Similarly, Plaintiffs have provided no evidence sufficient to "pierce the corporate veil" to hold Chesapeake Energy liable for the acts of its wholly owned subsidiary, Chesapeake Appalachia. "The law presumes that two separately incorporated businesses are separate entities . . . ." Syl. Pt. 3, *S. Elec. Supply Co. v. Raleigh Cty. Nat'l Bank*, 320 S.E.2d 515, 516 (W. Va. 1984); *see Bowers v. Wurzburg*, 519 S.E.2d 148, 164 (W. Va. 1999) (suggesting that "the mere existence of a parent-subsidiary relationship, without a more definite showing of the parent's control of the subsidiary" is insufficient to disregard the corporate form). However, "this

---

[3] Plaintiffs did not respond to this motion. However, this Court must nonetheless review the motion to determine whether summary judgment is appropriate. *Robinson*, 599 F.3d at 410 n.8.

presumption can be disregarded when the corporate form is being used to perpetrate injustice, defeat public convenience, or justify wrongful or inequitable conduct." *W. Va. Highlands Conservancy, Inc. v. Pub. Serv. Comm'n of W. Va.*, 527 S.E.2d 495, 502 (W. Va. 1998); *see* Syl. Pt. 7, *Kubican v. Tavern, LLC*, 752 S.E.2d 299, 301 (W. Va. 2013) ("To pierce the veil of a limited liability company in order to impose personal liability on its member(s) or manager(s), it must be established that (1) there exists such unity of interest and ownership that the separate personalities of the business and the individual member(s) or manager(s) no longer exist and (2) fraud, injustice, or an inequitable result would occur if the veil is not pierced."). Plaintiffs do not argue that any of those conditions are met in this case, nor does it appear to this Court that any injustice would result if the veil is not pierced. Accordingly, summary judgment in favor of Chesapeake Energy is appropriate for this reason as well.

### III. CONCLUSION

For the foregoing reasons, Chesapeake Appalachia's Motion to Strike and Exclude the Testimony of Autumn Leah Crowe, (ECF No. 46), and its Motion for Partial Summary Judgment, (ECF No. 50), are **GRANTED**. Plaintiffs' Motion to Deny Chesapeake Appalachia's Motion for Partial Summary Judgment, (ECF No. 52), is **DENIED**. Chesapeake Energy's and Chesapeake Operating's Motion for Summary Judgment, (ECF No. 48), is also **GRANTED**. This Court **DIRECTS** the Clerk to remove Chesapeake Energy and Chesapeake Operating from the docket in this matter.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 2, 2018

THOMAS E. JOHNSTON, CHIEF JUDGE